# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# PANAMA CITY DIVISION

KELLY WHISBY,

    Plaintiff,

v.                                        CASE NO. 5:10cv171/RS-AK

JOHN DOE, et al,

    Defendants.

_____/

## O R D E R

Plaintiff, an inmate of the Florida penal system proceeding *pro se*, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc 1) and a Motion For Leave To Proceed *In Forma Pauperis* (Doc. 5). Upon review of the Complaint and court records from this Court and the Middle District of Florida, the Court finds that this Complaint is subject to summary dismissal.

The Prison Litigation Reform Act of 1995 (PLRA), which was enacted on April 26, 1996, provides that a prisoner may not bring a civil action *in forma pauperis* under 28 U.S.C. § 1915:

> if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Plaintiff has had three or more prior prisoner actions dismissed in the Middle District of Florida on the grounds that they were frivolous, malicious, or failed to state a claim: Case No. 3:09cv1178, dismissed on December 8, 2009, as frivolous; Case No. 3:09cv1257, dismissed on December 28, 2009, pursuant to 28 U.S.C. §1015(e)(2)(B), generally; Case No. 3:10cv151,

dismissed on February 23, 2010, as frivolous; and Case No. 3:10cv152, dismissed on February 26, 2010, as frivolous. Pending in this district is Case No. 5:10cv173-RS/MD, wherein it has been recommended that the case be dismissed because Plaintiff has three strikes and he failed to allege that he was in imminent danger of serious physical injury.

The instant complaint alleges that Plaintiff was the victim of excessive force on August 29, 2006, by three John Does prior to his being transferred out of the state. Under these set of facts, it cannot be said that he is under any imminent or serious danger, and therefore, his allegations do not bring him within the "imminent danger" exception.

**IT IS ORDERED:**

1. Plaintiff's Motion To Proceed *In Forma Pauperis* (Doc. 5) is **denied**.

2. This case is dismissed without prejudice. Plaintiff may file another complaint making the same allegations for which he pays the full $350.00 filing fee at the time of filing the complaint.

**ORDERED** on August 11, 2010.

/S/ Richard Smoak
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**